UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

JAMES S.,[1]

                    Plaintiff,

          v.                              CIVIL NO.: 4:23-cv-139

MARTIN O'MALLEY,[2]
COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.

                    **FINAL ORDER**

     This matter comes before the court on Plaintiff's Objections,
filed September 16, 2024, ECF No. 13, to Magistrate Judge Douglas
E. Miller's Report and Recommendation, ECF No. 12 ("R&R").  The
R&R recommended that the court affirm the final decision of
Administrative Law Judge Jeffrey Jordan ("the ALJ") and deny
Plaintiff's requested relief.  R&R at 53; R. 33 (the ALJ Decision).
For the reasons stated below, the court **OVERRULES** Plaintiff's
Objections and **ADOPTS AND APPROVES IN FULL** the findings and
recommendations in the R&R.  The ALJ's decision is **AFFIRMED**,
Plaintiff's request is **DENIED**, and this action is **DISMISSED**.

---

     [1] Plaintiff's last name has been redacted for privacy reasons.
See Comm. on Ct. Admin. & Case Mgmt. Jud. Conf. U.S., Privacy
Concern Regarding Social Security and Immigration Opinions 3
(May 1, 2018).

     [2] Since filing of the case, Martin O'Malley was appointed the
Commissioner of Social Security.  He is automatically substituted
as a party.  Fed. R. Civ. P. 25(d)(1).

## I. Procedural History

Plaintiff James S. applied to Defendant Commissioner of Social Security ("the Commissioner") for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") and was denied. R. 73-87. On May 1, 2023, Plaintiff's request for benefits was also denied by the ALJ. R. 33. Plaintiff filed a Complaint in this court on November 13, 2023, requesting review of these decisions. ECF No. 1. The court referred the matter to the Magistrate Judge, designating him to "conduct hearings, including evidentiary hearings, if necessary, and to submit . . . proposed findings of fact, if applicable, and recommendations for the disposition of this matter." ECF No. 7; 28 U.S.C. § 636(b)(1)(B).

On January 17, 2024, the Magistrate Judge entered an Order directing briefing on the matter. ECF No. 8. Plaintiff submitted a Brief in Support of his "Request for Review of Social Security Decision Under 42 U.S.C. § 405(g)" on January 31, 2024. ECF No. 9. On March 1, 2024, the Commissioner filed a Brief in Support of his decision and the ALJ's decision, and in opposition to Plaintiff's brief. ECF No. 10. Plaintiff replied on March 6, 2024. ECF No. 11. On September 6, 2024, the Magistrate Judge filed an R&R recommending the court uphold the Commissioner's and ALJ's decisions and deny Plaintiff's requested review. R&R at 1-2, 53; R. 33. Plaintiff filed Objections on September 16, 2024, ECF No. 13, to which the Commissioner responded, ECF No. 14.

## II. BACKGROUND

The record is replete with recitations of the relevant facts.[3] However, the court provides the following background information and a selected timeline of relevant events for purposes of addressing Plaintiff's Objections to the R&R.

Plaintiff has a history of back pain, dating back to 2016. R&R at 4-5; R. 47-50. Plaintiff underwent three surgeries on his neck and back with orthopedic surgeon, Dr. Joseph Kim, at OrthoVirginia, including two back surgeries on September 27, 2016 and July 17, 2018, and one neck surgery on October 5, 2020. R&R at 7, 10-11, 17-18; R. 340-43, 548-51, 2274-87. Plaintiff's OrthoVirginia follow-up visits were conducted by a physician's assistant and Dr. Kim. See R&R at 7-22; R. 2310-21. During this time, Plaintiff also regularly saw his primary care physician, Dr. Kenneth Roberts. See R&R at 12-24; R 719-1024.

Plaintiff's claim sought DIB and SSI starting on November 17, 2016, the alleged onset date of his disability. R. 10, 73-74, 197-200. The ALJ followed the five-step analysis in the regulations to evaluate Plaintiff's disability claim. See 20 C.F.R. §§ 404.1520(a), 416.920(a); R&R at 38-42; R. 18-31. First, the ALJ determined that Defendant had not engaged in substantial gainful activity since his disability onset date. R. 19. Second,

---

[3] See, e.g., R&R at 4-36. The R&R's recitation of facts are incorporated herein; see also R. 19-31, 45-72.

he found that Plaintiff suffered severe impairments to his spine, as well as obesity and hypertension. R. 19. Third, the ALJ found that Plaintiff's impairments did not meet or medically equal a condition within the Social Security Administration's ("SSA") listing of official impairments. R. 20-22.

The ALJ then issued a residual functioning capacity ("RFC") finding, determining that Plaintiff could perform "sedentary work" with significant limitations. R. 22-31. The ALJ found that Plaintiff can lift and carry only up to ten pounds; "cannot push and pull"; "can stand walk four hours and sit about six hours" in an eight-hour workday; can walk no more than 15 minutes, and stand/sit no more than 30 minutes, at a time; cannot crawl, kneel, or climb, but "can perform other postural movements" occasionally; cannot do "fast-paced tasks"; "is limited to frequent fingering, grasping, handling and reaching"; and "cannot work around vibration and hazards" like heavy machinery and heights. R. 22.

Fourth, the ALJ determined that Plaintiff could not perform his past relevant work, which included positions as a helper and heavy machinery operator. R. 31. And fifth, despite his significant limitations, the ALJ found that Plaintiff could perform other sedentary jobs in the national economy. R. 32-33. Thus, the ALJ found that Plaintiff was ineligible for benefits, as he was not under a disability from November 17, 2016 through the date of the decision, May 1, 2023. R. 18, 33.

4

### III. Legal Standards

In reviewing an ALJ's decision denying benefits, the court determines only whether substantial evidence on the record supports the ALJ's decision and whether the ALJ applied the proper legal standard in evaluating the evidence. See 42 U.S.C. § 405(g); Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion"; "[i]t requires more than a mere scintilla but less than a preponderance." Ceres Marine Terminals, Inc. v. Green, 656 F.3d 235, 239 (4th Cir. 2011) (internal quotation omitted).

Reversing a denial of benefits is appropriate only if the ALJ's decision is unsupported by substantial evidence, or if the ALJ made an error of law. Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). If substantial evidence supports an ALJ's decision, the reviewing court cannot reverse that decision based on a "belie[f] that substantial evidence also supports a contrary result." Estep v. Richardson, 459 F.2d 1015, 1017 (4th Cir. 1972). Finally, "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in [his] decision." Thomas v. Berryhill, 916 F.3d 307, 312 (4th Cir. 2019).

When reviewing an R&R, the court must make a de novo determination of the portions of the R&R to which the parties have specifically objected. Fed. R. Civ. P. 72(b). The court considers

the record in its entirety.  See id.  For unchallenged portions of the R&R, the court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).  The court may accept, reject, modify, or recommit the Magistrate Judge's recommendation with instructions.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Finally, objections to the R&R must be made "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." Elijah v. Dunbar, 66 F.4th 454, 460 (4th Cir. 2023).  "[O]bjections need not be novel to be sufficiently specific"; they may merely "restate[] all of [the party's] claims." Id.  But objections must "respond to specific errors" in the R&R, as general or conclusory objections are "not proper" and "are the equivalent of a waiver." Scott v. Va. Port Auth., 2018 WL 1508592, at *2 (E.D. Va. Mar. 27, 2018) (Jackson, J.) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)).

## IV. Analysis

Plaintiff raises two objections to the R&R.  First, he argues that the ALJ failed to properly evaluate the medical opinions of Dr. Kim and Dr. Roberts.  ECF No. 13 at 2.  Second, he argues that the ALJ failed to properly evaluate the subjective statements of the Plaintiff.  Id. at 8-9.  Because the ALJ's evaluations of the

medical opinion evidence and Plaintiff's subjective statements are all supported by substantial evidence and are not legally erroneous, Plaintiff's objections are without merit.

## A. Medical Opinion Evidence

First, Plaintiff objects to the Magistrate Judge's finding that the ALJ "properly discounted the opinions from treating orthopedic surgeon Dr. Kim" and from "treating internist Dr. Roberts," when the ALJ concluded that the doctors' assessments of Plaintiff's work capacity were not consistent with their treatment notes or with other medical sources. ECF No. 13 at 2, 7. Again, when reviewing an ALJ's decision denying benefits, the court considers only whether substantial evidence supports the decision and whether the proper legal standard was applied. See 42 U.S.C. § 405(g); Johnson, 434 F.3d at 653. The court cannot reverse this decision simply because it "believes that substantial evidence also supports a contrary result." Estep, 459 F.2d at 1017.

The ALJ does "not defer or give any specific evidentiary weight . . . to any medical opinion(s) or prior administrative medical finding(s), including those from [Plaintiff's] medical sources." C.F.R. § 404.1520c(a). Instead, the ALJ considers the "persuasiveness of [the] medical opinions," the most important factors being "supportability" and "consistency." Id. Here, the ALJ applied the proper legal standard. The ALJ considered the evidence under C.F.R. § 404.1520c(a), and found that the medical

opinions of Drs. Kim and Roberts were "not persuasive," as they lacked supportability and consistency. R&R at 43; R. 22, 29-31.

Substantial evidence also supports the ALJ's conclusion that the medical opinions of Drs. Kim and Roberts lacked supportability and consistency. Between 2016 and 2021, Plaintiff was seen by OrthoVirginia for severe back pain. R&R at 4-22; see R. 1749-947, 2020-49, 2171-327, 2496-511. Plaintiff was physically evaluated by OrthoVirginia more than one dozen times following his first surgery on September 27, 2016, and he underwent two additional surgeries on July 17, 2018 and October 5, 2020. R&R at 4-22. Despite his reported pain, the majority of Plaintiff's physical exams at OrthoVirginia were normal or largely normal, frequently showing that he had normal range of motion, strength, and gait.[4]

Between 2019 and 2022, Plaintiff was also seen by Dr. Roberts for annual exams and neck and back pain. Id. at 12-20, 23-24; see R. 719-1027; 2050-94; 2396-511; 2599-653. Dr. Roberts physically examined the Plaintiff over ten times during this period. R&R at

---

[4] Plaintiff's physical exams with OrthoVirginia on May 9, 2017; October 20, 2017; September 20, 2020; September 28, 2020; October 5, 2020; and December 30, 2020 all showed no apparent distress, normal range of motion, normal strength, and normal gait. R&R at 8, 9, 16, 17, 18. Plaintiff's physical exams with OrthoVirginia on October 20, 2016; January 23, 2018; August 1, 2018; October 12, 2018; August 23, 2019; February 19, 2020; May 21, 2021; and November 24, 2021 were largely normal and generally showed normal range of motion, gait, tenderness, and strength, with only minor swelling, tenderness and/or abnormal gait. Id. at 10, 11, 12, 13, 14-15, 19, 21.

12-20, 23-24. Although Plaintiff reported neck and back pain and stiffness, his physical exams with Dr. Roberts were largely normal, at worst showing tenderness or a "very minimal" tremor.[5]

Approximately one year after his second surgery, on August 23, 2019, Plaintiff reported to OrthoVirginia that he was walking and jogging. R&R at 13; R. 2253. He also reported to Dr. Roberts that he was being physically active around this time, on October 10, 2019. R&R at 14; R. 833. Less than one month before his third surgery, on September 22, 2020, Plaintiff planned to take a three-day trip alone in the mountains to go camping and fishing. R&R at 17; R. 530-31. Six weeks after his third surgery, on November 17, 2020, Plaintiff reported to Dr. Roberts that he could now "drive about three hours." R&R at 18; R. at 952.

Despite Plaintiff's relatively normal physical exams and self-reported activities, Dr. Kim marked "the most extreme" limitation in every category. R&R at 25-26; R. 469-73. Dr. Roberts similarly concluded that Plaintiff would only be able to sit, stand and/or walk for less than one hour in an eight-hour

---

[5] Plaintiff's physical exams by Dr. Roberts on March 11, 2019; June 2019; October 10, 2019; August 17, 2020; September 28, 2020; November 17, 2020; March 23, 2021; July 9, 2021; October 11, 2022 all showed no tenderness or pain, as well as normal strength, range of motion and gait. ECF No. 12 at 12-14, 16, 17, 18, 19, 20, 23-24. While Plaintiff's exam on May 13, 2020 showed normal strength, range of motion, and gait, it also showed some thoracic tenderness. ECF No. 12 at 15. His exam on July 20, 2020 showed normal gait, but a "very minimal" tremor. ECF No. 12 at 16.

workday, would need to get up "every 10-15 minutes," could never carry any weight, and could rarely grasp, turn, or twist objects, despite Plaintiff's relatively normal exams and self-reported activities. R&R at 27; R. 2490-94. While the court does not address every inconsistency in the record, as they have been sufficiently addressed by the Magistrate Judge and ALJ, it notes that Plaintiff's report that he could now "drive about three hours" directly contradicts Dr. Roberts' conclusion that Plaintiff could sit for less than one hour. R&R at 18, 27; R. at 952, 2490-94.

The record contains substantial evidence that the medical opinions of Dr. Kim and Dr. Roberts lacked supportability and consistency, even within their own notes. For these reasons, and after conducting a de novo review of the record, the court finds no error in the Magistrate Judge's conclusion. See R&R at 42. The ALJ applied the proper legal standard, and his decision regarding Drs. Kim and Robert's medical opinions is supported by substantial evidence. Plaintiff's first objection is **OVERRULED**.

## B. Plaintiff's Subjective Statements

Second, Plaintiff objects to the Magistrate Judge's finding that the ALJ "properly discounted [his] subjective statements." ECF No. 13 at 9. Again, when reviewing an ALJ's decision denying benefits, the court considers only whether substantial evidence supports the decision and whether the proper legal standard was applied. See 42 U.S.C. § 405(g); Johnson, 434 F.3d at 653.

When evaluating a plaintiff's subjective statements, the ALJ "must consider the entire case record and may 'not disregard an individual's statements about the intensity, persistence, and limiting effects of symptoms solely because the objective medical evidence does not substantiate' them." <u>Arakas v. Comm'r, Soc. Sec. Admin.</u>, 983 F.3d 83, 95 (4th Cir. 2020) (citation omitted). Here, the ALJ properly considered the entire record and did not disregard Plaintiff's statements solely based on objective medical evidence. Rather, he <u>partially</u> disregarded Plaintiff's statements, due to <u>both</u> the objective medical evidence and "other evidence in the record." R&R at 49; R. 23-24. As the Magistrate Judge noted, this "other evidence" includes Plaintiff's inconsistent statements to providers. <u>See infra</u>, Part IV.A at 9-10; R&R at 51-52.

The ALJ also did not disregard Plaintiff's testimony about his symptoms. Rather, he found that Plaintiff's statements were "not entirely consistent" with the record as a whole and afforded them partial deference. R&R at 49, 52; R. 24. As the Magistrate Judge noted, the ALJ determined that Plaintiff's abilities were very restricted and that Plaintiff could only complete sedentary work, based in part on his testimony. R&R at 52; R. 29 (giving "some deference to [his] subjective symptoms").

Whether the court would have reached a contrary conclusion is irrelevant, as substantial evidence supports the ALJ's decision. <u>Estep</u>, 459 F.2d at 1017. The decision to afford partial deference

11

to Plaintiff's subjective testimony is supported by substantial evidence and is not legally erroneous. For these reasons, and after conducting a <u>de novo</u> review, the court finds no error in the Magistrate Judge's R&R. Plaintiff's second objection is **OVERRULED**.

### V. CONCLUSION

After reviewing the entire record and conducting a <u>de novo</u> review of those portions of the R&R to which Plaintiff objected, the court accepts and agrees with the Magistrate Judge's R&R and conclusion and finds no error. In sum, for the reasons herein, the court hereby **OVERRULES** Plaintiff's Objections, ECF No. 13, and **ADOPTS AND APPROVES IN FULL** the findings and recommendations set forth in the Magistrate Judge's thorough and well-reasoned R&R, filed on September 6, 2024, ECF No. 12.

Accordingly, Plaintiff's Complaint challenging the Social Security Decision Under 42 U.S.C. § 405(g), ECF No. 9, is **DENIED**. The Commissioner's decision is **AFFIRMED**, and this matter is **DISMISSED**. The Clerk is **DIRECTED** to enter judgment in favor of Defendant, close the case on this court's docket, and send a copy of this Final Order to counsel for all parties.

**IT IS SO ORDERED.**

/s/
Rebecca Beach Smith
Senior United States District Judge

REBECCA BEACH SMITH
SENIOR UNITED STATES DISTRICT JUDGE

November 8 , 2024

12